# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 754 | **DATE** | 1/10/2002 |
| **CASE TITLE** | PAINTERS DISTRICT COUNCIL 14 vs. SAL ORTEGA, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  Status hearing held and continued to 1/31/02 at 9:00 a.m. Plaintiff's oral motion to amend complaint is granted. Enter Memorandum Opinion And Order. Defendant Delores Ortega's motions to dismiss corrected amended complaint as against Delores [sic] Ortega, individually [9-1] and as Executrix of the Will of Salvador Ortega, deceased [10-1], are granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JAN 1 4 2002 date docketed | |
| ✓ | Docketing to mail notices. | | | 17 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| LG | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| PAINTERS DISTRICT COUNCIL 14, a labor organization<br><br>Plaintiff,<br><br>v.<br><br>SAL ORTEGA, Individually and d/b/a SAL'S DRYWALL SERVICE, and ESTATE OF SALVADOR ORTEGA, DOLORES ORTEGA as EXECUTRIX of the WILL OF SALVADOR ORTEGA, DOLORES ORTEGA, Individually<br><br>Defendants. | Case No. 01 C 754<br><br>Hon. John W. Darrah |

**DOCKETED JAN 14 2002**

## MEMORANDUM OPINION AND ORDER

Defendant, Dolores Ortega, moves to dismiss Plaintiff, Painters District Council 14's, Corrected Amended Complaint. For the reasons set forth below, Defendant Dolores Ortega's Motions to Dismiss Corrected Amended Complaint as Against Delores [sic] Ortega, Individually [9-1] and as Executrix of the Will of Salvador Ortega, Deceased [10-1], are granted.

## LEGAL STANDARD

When considering a motion to dismiss, well-pleaded allegations in the complaint are accepted as true. *Turner/Ozanne v. Hyman/Power*, 111 F.3d 1312, 1319 (7th Cir. 1997). Any ambiguities in the complaint are construed in favor of the plaintiff. *Kelly v. Crosfield Catalysts*, 135 F.3d 1202, 1205 (7th Cir. 1998). Dismissal is proper only when it appears beyond doubt that Plaintiff can prove no set of facts to support the allegations in his or her claim. *Strasburger v. Board of Education*, 143

F.3d 351, 359 (7th Cir. 1998).

"Although the Federal Rules of Civil Procedure do not require a plaintiff 'to set out in detail the facts upon which he bases his claim'" [citation omitted], he must "set out sufficient factual matter to outline the elements of his cause of action or claim, proof of which is essential to his recovery.'" *Benson v. Cady*, 761 F.2d 335, 338 (7th Cir. 1985). A complaint will not avoid dismissal if it contains "bare legal conclusions" absent facts outlining the basis of the claims. *Perkins v. Silverstein*, 939 F.2d 463, 467 (7th Cir. 1991).

## **BACKGROUND**

Plaintiff, Painters District Council 14 ("Plaintiff"), has filed a Corrected Amended Complaint against Defendants, Sal Ortega ("Mr. Ortega"), Sal's Drywall Service ("Sal's Drywall"), the Estate of Salvador Ortega, and Dolores Ortega ("Mrs. Ortega"), individually and as executrix of Salvador Ortega's will, seeking to enforce an arbitration award pursuant to section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185 (2001). For purposes of these Motions to Dismiss, the following allegations are taken as true.

Plaintiff is a labor organization. On or about May 6, 1991, Plaintiff and Sal's Drywall entered into a Memorandum of Joint Working Agreement ("Labor Agreement"). Under this agreement, Sal's Drywall agreed to be bound by the provisions of the Labor Agreement, Area Wide Collective Bargaining Agreement ("CBA"), and any subsequent agreements negotiated between Plaintiff and certain employer associations. Under the CBA, all disputes or grievances that arose out of working conditions and operations were to be submitted to a Joint Trade Board ("the Board"). The Board would consist of Sal's Drywall and Plaintiff's representatives and would meet and resolve all such disputes and grievances.

On December 9, 1998, Plaintiff brought charges against Sal's Drywall. On January 7, 1999, the Board convened for a hearing on those charges. Mr. Ortega appeared and testified at the hearing.[1] He did not object to notice of the hearing or notice of Plaintiff's charges. The Board found in favor of Plaintiff and fined Mr. Ortega and Sal's Drywall $47,500.

On October 27, 1999, the Notice of Decision and Award was served upon Mr. Ortega and Sal's Drywall by first class and certified mail. The certified copy was returned as "unclaimed", but the envelope sent by first class mail was not returned.

Neither Mr. Ortega nor Sal's Drywall nor any other defendant has complied with the provisions of the Board's award. None of the defendants have moved to set aside the Board's award.

On February 2, 2001, Plaintiff filed a complaint to enforce the arbitration award.

## DISCUSSION

Mrs. Ortega has moved to dismiss the Corrected Amended Complaint against her individually arguing that because she is not an owner or partner of Sal's Drywall or a signatory of the Labor Agreement or a participant in the hearing of January 7, 1999 and the Board's Decision and Award named only Sal Ortega and Sal's Drywall and did not name or incorporate Mrs. Ortega, she is not bound by the agreements, terms, or the findings of the Board. Mrs. Ortega has moved to dismiss the Corrected Amended Complaint against her as executrix of Mr. Ortega's will, arguing that she has not been named or designated as executrix of Mr. Ortega's estate.

Plaintiff has brought this action under section 301 of the LMRA. Because the LMRA does not provide a statute of limitations for actions to vacate arbitration awards, the most closely analogous state statute of limitations applies. *Edwards v. Int'l Union, United Plant Guard Workers*

---

[1] Neither Mrs. Ortega nor a representative on her behalf appeared at the hearing.

-3-

*of Am.*, 46 F.3d 1047, 1050 (7th Cir. 1995). The Seventh Circuit has held that the ninety-day period provided for in the Illinois Arbitration Act is the most closely analogous statute of limitations. *See Sullivan v. Lemoncello*, 36, F.3d 676, 681-82 (7th Cir. 1994); *see also* 710 Ill. Comp. Stat. 5/12(b).

Mrs. Ortega's motions present a unique situation. Mrs. Ortega is not moving to vacate the award but only to dismiss herself as an improperly named defendant. If her motions are granted, the action to confirm the arbitration award would still continue against Sal's Drywall and Mr. Ortega's estate. Moreover, the arbitration award was never directed at Mrs. Ortega.

While Mrs. Ortega does not seek to vacate the arbitration award but merely to dismiss herself from the action to confirm the award, her motion to dismiss is timely even if the ninety-day statute of limitations for motions to vacate is applied. While the complaint alleges that none of the defendants, including Mrs. Ortega, moved to vacate the award and that the time for doing so has passed, Mrs. Ortega could not have moved to vacate the award because she was not a party to the arbitration.

Furthermore, Mrs. Ortega was not named as a party in the Notice of Decision and Award. Although the Board found in favor of Plaintiff on January 7, 1999, and the Notice of Decision and Award was served, or attempted to be served, on Mr. Ortega on October 27, 1999, Mrs. Ortega was not named as a party in the action until May of 2001 and served until July of 2001. Mrs. Ortega did not have notice of the arbitration award pending against her until she was added as a defendant and served with process in July of 2001. However, when Mrs. Ortega did have notice of the action's pendency against her, she moved to dismiss the action against her within the ninety-day period. Therefore, her motions to dismiss are timely.

Plaintiff argues that Mrs. Ortega's dismissal as a defendant is inappropriate because

Mrs. Ortega is the executrix of Mr. Ortega's estate and, as Mr. Ortega's widow, may be liable for her husband's debts because Mr. Ortega allegedly did not comply with the Assumed Business Name Act, 805 Ill. Comp. Stat. 405/1 (2001), which requires persons doing business under assumed names to file a certificate stating the assumed name and the true name of the owner of the business with the county clerk.

"The designation d/b/a or doing business as, generally indicates a sole proprietorship or some other situation where the named person owns or transacts business under an assumed name." *Main Street Dev. v. DeMicco*, 248 Ill. App. 3d 392, 396 (Ill. App. Ct. 1993) (citation omitted). "The name of the sole proprietorship is merely another name for [the owner]." *Moriarty v. Svec*, 164 F.3d 323, 366 (7th Cir. 1998) (citing *DeMicco*, 248 Ill. App. 3d at 396). Therefore, before Mr. Ortega's death, Sal's Drywall was an alias for Sal Ortega. *See Moriarty*, 164 F.3d at 366. When Mr. Ortega died, his property, including Sal's Drywall, passed to his estate. *See Moriarty*, 164 F.3d at 366. Plaintiff has not alleged that Mrs. Ortega was an owner of or partner in Sal's Drywall, and Mrs. Ortega states that she was not. (Ortega Aff. ¶ 2.)

"It is well established that estates are not natural or artificial persons and lack capacity to sue and be sued." *Precision Components, Inc. v. Estate of Donald Kuntz*, 112 Ill. App. 3d 309, 310 (Ill. App. Ct. 1983). Thus, the administrator or executor of an estate is the only proper defendant in an action against the estate. *Precision Components*, 112 Ill. App. 3d at 310. Therefore, the action to confirm the arbitration award cannot be maintained against Mrs. Ortega individually, and dismissal as to her is appropriate.

In a conclusory manner, Plaintiff has alleged that Mrs. Ortega is the executor of Mr. Ortega's will and has attached a copy of Mr. Ortega's will naming Mrs. Ortega as his executor as proof.

While Mr. Ortega's will names his widow as his executor, she has declined to act in that capacity. (Mot. Dismiss Corrected Am. Compl. at ¶ 2.) One named as executor cannot be forced to accept the executorship. *See Gall v. Stoll*, 259 Ill. 174 (1913), *overruled on other grounds by, Shay v. Penrose*, 25 Ill. 2d 447 (1962). Mrs. Ortega has not been named or designated by the probate court as the executor. Moreover, the Probate Division of the Circuit Court of Cook County, in an Order of Court dated July 3, 2001, appointed another person as Independent Administrator to Collect for the Estate.[2] Thus, the action to confirm the arbitration award cannot be maintained against Mrs. Ortega as executrix since she is not the executor of her husband's estate; and therefore, dismissal is appropriate.

## CONCLUSION

For the reasons stated above, Defendant Dolores Ortega's Motions to Dismiss Corrected Amended Complaint as Against Delores [sic] Ortega, Individually [9-1] and as Executrix of the Will of Salvador Ortega, Deceased [10-1], are granted.

**IT IS SO ORDERED.**

John W. Darrah, Judge
United States District Court

Date: Jan. 10, 2001

---

[2] On a motion to dismiss, the Court may take judicial notice of court documents which are a matter of public record. *Doherty v. City of Chicago*, 75 F.3d 318, 324 n.4 (7th Cir. 1996).